UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PHILIP LEIB-PODRY,

Plaintiff,

-against-

GEOFFREY TOBIAS; PRINCETON
INSURANCE COMPANY; MEDPRO
GROUP; BERKSHIRE HATHAWAY,

Defendants.

22-CV-8614 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action alleging that Defendants violated his rights. The Court construes the complaint as invoking the Court's diversity of citizenship jurisdiction and asserting state law claims of medical malpractice and sexual assault. By order dated October 12, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. For the reasons set forth below, the Court directs Plaintiff to show cause, within 30 days, why this action should not be dismissed for lack of subject matter jurisdiction.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the

"strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff, who resides in Manhattan, New York, brings this action against Geoffrey Tobias, Princeton Insurance Company, MedPro Group, and Berkshire Hathaway. Plaintiff states that the "principal basis of the court's jurisdiction at this time are the aspects described as <u>sexual assault</u> listed in these complaints" and that "New York State law can also toll the statute of limitations in cases of <u>medical malpractice</u>, and these complaints involved extreme physical and emotional duress." (ECF 2, at 1) (emphasis in original). He alleges that the events took place in New York County, Englewood, New Jersey, and Englewood Cliffs, New Jersey.

The following allegations can be gleaned from the complaint. Defendant Tobias, who is presumably a doctor, performed an "extremely dangerous procedure" on Plaintiff's nose in which he used a "nylon plastic suture" that resulted in Plaintiff being required to undergo further procedures "after needlessly removing a significant portion of the internal structure" of Plaintiff's nose." (*Id.*) Tobias's use of the nylon suture "falls far below existing standards of care." (*Id.* at 2.) Defendants Princeton Insurance, MedPro Group, and Berkshire Hathaway provide insurance coverage for Tobias. Princeton Insurance provides "policy limits" that do not cover the damage caused by Tobias and is therefore "designed entirely to defraud the patient." (*Id.*) Plaintiff also states that "[i]t is reasonable to presume that Berkshire Hathaway companies provide coverage to many doctors who perform similar 'secondary' and 'reconstructive' nasal procedures that have no meaning or purpose but to defraud the patient." (*Id.*)

Plaintiff further alleges that Tobias's "motivations were sexual, aggressive, and malicious in nature." (*Id.*) At Englewood Hospital, Tobias used his hand to move Plaintiff's gown shortly before Plaintiff received anesthesia, "exposing [Plaintiff's] leg to himself." (*Id.*) On another

occasion, Tobias "rubbed his genitals against" Plaintiff when Plaintiff was getting up to leave the room. (*Id.*)

Plaintiff asserts that he has been subjected to "repeated and countless rapes and assaults by others as a result of a procedure [Tobias] performed on my face to which I did not consent, that violated medical standards, and that has proven to be a severely unacceptable socially and damaging to my appearance." (*Id.* at 3.)

Plaintiff seeks $22 billion in compensatory damages, consisting of $18 billion as "actual and essential compensation" (which includes a $1 billion "margin for security"), and an additional $4 billion in punitive damages. (*Id.*)

## DISCUSSION

### A.      Subject Matter Jurisdiction

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

**B.      Federal Question Jurisdiction**

To support the proper exercise of federal question jurisdiction, a plaintiff's claims must

arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case

arises under federal law if the complaint "establishes either that federal law creates the cause of

action or that the plaintiff's right to relief necessarily depends on resolution of a substantial

question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir.

2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere

invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not

create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81

F.3d 1182, 1188-89 (2d Cir. 1996).  Here, Plaintiff does not purport to invoke federal question

jurisdiction and his allegations, construed liberally, do not suggest a viable claim arising under

federal law. The Court therefore does not have federal question jurisdiction of Plaintiff's claims.

**C.      Diversity of Citizenship Jurisdiction**

Plaintiff also does not allege facts demonstrating that the Court has diversity jurisdiction

over this action. To establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must first

allege that both he and the defendant are citizens of different States. *See* 28 U.S.C. § 1332(a)(1);

*Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to

a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the

statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network,

Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

For diversity-jurisdiction purposes, an individual is considered a citizen of the State

where he or she is domiciled, which is defined as the State where he or she "has his [or her] true

fixed home . . . and to which, whenever he [or she] is absent, he [or she] has the intention of

returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation

marks and citation omitted). An individual "has but one domicile." *Id.* A corporation is, however, a citizen "of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (a corporation's principal place of business is its "nerve center," usually its main headquarters).[1]

Even if the Court assumes that Plaintiff's claim is in excess of the $75,000 jurisdictional amount, Plaintiff has not alleged sufficient facts to show diversity of citizenship. Plaintiff alleges that he is a resident of New York. He provides what appears to be an office address for Tobias in New Jersey and states that Tobias also maintains an office in New York, but he does not provide Tobias's residential address or allege the state of Tobias's citizenship. Plaintiff provides what appear to be the addresses of the corporate headquarters for Princeton Insurance Company, MedPro Group, and Berkshire Hathaway, but he does not allege the states in which each of the corporate defendants are incorporated. Because Plaintiff does not allege Tobias's residential address or the states in which the corporations are incorporated, the Court is unable to determine whether there is complete diversity of citizenship between the parties.

The Court directs Plaintiff to show cause, by filing a written declaration within 30 days of the date of this order, why this action should not be dismissed without prejudice for lack of subject matter jurisdiction. In his declaration, Plaintiff must allege facts showing that (1) his

---

[1] Section 1332(c)(1) further provides that, "in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of – (A) every State and foreign state of which the insured is a citizen; (B) every State and foreign state by which the insurer has been incorporated; and (C) the State or foreign state where the insurer has its principal place of business." Although Plaintiff names insurance companies, this provision of Section 1332(c)(1) does not apply since Plaintiff also joins the insured – Tobias – as a defendant.

claims arise under federal law, or (2) that he and the defendants are citizens of different states and that his claim is in excess of the $75,000 statutory minimum.

## CONCLUSION

The Court directs Plaintiff to show cause, by filing a written declaration within 30 days of the date of this order, why this action should not be dismissed without prejudice for lack of subject matter jurisdiction. Plaintiff's declaration should be submitted to the Pro Se Intake Unit within 30 days and should bear the docket number 22-CV-8614 (LTS). A declaration is attached to this order.

If Plaintiff fails to submit a declaration within 30 days, or if the declaration does not show that the Court has subject matter jurisdiction of this action, the complaint will be dismissed without prejudice for lack of subject matter jurisdiction.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    November 7, 2022
            New York, New York

                                                                /s/ Laura Taylor Swain
                                                            LAURA TAYLOR SWAIN
                                                        Chief United States District Judge

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Fill in above the full name of each plaintiff or petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

_____

Fill in above the full name of each defendant or
respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment."

I, _____ , declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

Rev. 6/30/16

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____

Executed on (date)

_____

Name

_____

Address

_____

Telephone Number (if available)

_____

Signature

_____

Prison Identification # (if incarcerated)

| City | State | Zip Code |
|------|-------|----------|

E-mail Address (if available)