USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/15/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
PHILLIP LEIB-PODRY,                              :
                                                 :
                                    Plaintiff,   :     22-CV-8614 (VEC) (JW)
            -against-                            :
                                                 :     ORDER ADOPTING
GEOFFREY TOBIAS; PRINCETON                       :     REPORT &
INSURANCE COMPANY; MEDPRO GROUP;                 :     RECOMMENDATION
BERKSHIRE HATHAWAY,                              :
                                                 :
                                   Defendants.   :
                                                 :
------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

WHEREAS on October 7, 2022, Plaintiff Phillip Leib-Podry, proceeding *pro se*, sued Defendants Geoffrey Tobias, Princeton Insurance Company, MedPro Group, and Berkshire Hathaway for medical malpractice, battery, sexual assault, conspiracy, and unfair trade practices, *see* Compl., Dkt. 2;

WHEREAS on November 29, 2022, the Court referred this case to Magistrate Judge Jennifer Willis for general pretrial and the preparation of reports and recommendations ("R&Rs") on any dispositive motions, *see* Order, Dkt. 7;

WHEREAS on April 3 and 5, 2023, Defendants filed acknowledgements that they had been served by the United States Marshals Service, *see* Acknowledgements of Service, Dkts. 13, 17, 20, 21;

WHEREAS Defendants had 60 days from the date of acknowledging service to answer or move in response to the Complaint, *see* Standing Order Extending Time to Answer After United States Marshals Service Effects Service on a Defendant by Mail Under N.Y. C.P.L.R. § 312–a, 13-MC-0438 (S.D.N.Y. Dec. 30, 2013) ("Standing Order");

1

WHEREAS pursuant to the Standing Order, the deadline for Defendants Tobias and Princeton Insurance Company to answer or otherwise respond was Friday, June 2, 2023, and the deadline for Defendants MedPro Group and Berkshire Hathaway to answer or otherwise respond was Monday, June 5, 2023, *see* Acknowledgements of Service, Dkts. 13, 17, 20, 21;

WHEREAS on April 25, 2023, Plaintiff filed a motion (a) to seal the case in its entirety because some filings contained sensitive medical information, and (b) for default judgment against Defendants because they had not yet answered the Complaint, Dkt. 26;

WHEREAS Defendants opposed the motion to seal because Plaintiff failed to meet his burden to justify sealing and overcome the presumption of public access to judicial documents established in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), Dkts. 28, 31;

WHEREAS Defendants further opposed the motion for default judgment because the motion was procedurally defective and because the time for the Defendants to respond had not yet expired, Dkts. 28, 31;

WHEREAS on June 1, 2023, in advance of his deadline to respond to the Complaint, Defendant Tobias moved to dismiss the claims against him because, *inter alia*, they are time-barred and because Plaintiff failed to state a claim, Dkts. 33–35;

WHEREAS also on June 1, 2023, in advance of their deadlines to respond to the Complaint, Defendants Princeton Insurance Company, MedPro Group, and Berkshire Hathaway (together, the "Insurance Defendants") moved to dismiss the Complaint because, *inter alia*, Plaintiff failed to state a claim, Dkts. 38–40;

WHEREAS Mr. Leib-Podry opposed the motions to dismiss, Dkt. 49, and Mr. Tobias and the Insurance Defendants filed replies in support, Dkts. 56, 58;

WHEREAS on October 17, 2023, and December 4, 2023, while Defendants' motions to dismiss were pending, Plaintiff filed two motions for judgment on the pleadings, Dkts. 63, 67;

WHEREAS Judge Willis stayed all deadlines in the case pending the Court's resolution of the pending motions to dismiss, Dkt. 65, so Defendants did not respond to the motions for judgment on the pleadings;

WHEREAS on February 13, 2024, Judge Willis filed an R&R recommending that the Complaint be dismissed with prejudice because all claims are either time-barred, fail to state a claim, or both, *see* R&R, Dkt. 74;

WHEREAS the R&R further recommends that the Court deny leave to amend because, "even liberally construed, [Plaintiff's] claims are time-barred and factually frivolous," *id.* at 23;

WHEREAS in the R&R, Judge Willis notified the parties that, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), they had fourteen days to object to the R&R's findings, *see id.* at 23–24;

WHEREAS Judge Willis further noted that failure to object would result in both the waiver of objections and the preclusion of appellate review, *id.*;

WHEREAS no party objected to the R&R;

WHEREAS in reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1)(C);

WHEREAS when, as here, no party objects to the R&R, the Court may accept the R&R provided that "there is no clear error on the face of the record," *Heredia v. Doe*, 473 F. Supp. 2d 462, 463 (S.D.N.Y. 2007) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *see also* Fed. R. Civ. P. 72(b) advisory committee's note;

3

WHEREAS an error is clear when the reviewing court is left with a "definite and firm conviction that a mistake has been committed," *see Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002) (quoting *McAllister v. United States*, 348 U.S. 19, 20 (1954)); and

WHEREAS careful review of the R&R reveals that there is no clear error;

IT IS HEREBY ORDERED that the R&R is adopted in full, and Defendants' motions to dismiss at docket entries 33 and 38 are GRANTED.  Plaintiff's claims are dismissed with prejudice; leave to amend would be futile because, as explained in the R&R, Plaintiff's claims are time-barred and factually frivolous.

Because the R&R gave the parties adequate warning, *see* R&R at 23–24, Plaintiff's failure to object to the R&R precludes appellate review of this decision.  *See Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision.").  Because appellate review is precluded, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, permission to proceed *in forma pauperis* for purposes of appeal is denied.  *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

IT IS FURTHER ORDERED that Plaintiff's motion to seal the case and for default judgment at docket entry 26 is DENIED.

As to the motion to seal, Plaintiff's motion provides insufficient justification to seal the entire case.  There is a "presumption of access" to judicial documents that can be overcome only if outweighed by "countervailing factors."  *See Lugosch*, 435 F.3d at 119–20.  The party seeking to seal the case bears the burden to show that sealing is proper and must make "a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently

serious to warrant protection." *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009). Here, Plaintiff asks to seal the entire case and all filings because it involves "[p]rivate medical information and intimate details." Dkt. 26 at 2. Although the need to protect sensitive medical information provides justification for tailored sealing and redactions, *see, e.g.*, *Valentini v. Grp. Health Inc.*, No. 20-CV-9526 (JPC), 2020 WL 7646892, at *2 (S.D.N.Y. Dec. 23, 2020) (granting request to seal specific medical documents), it does not justify sealing the case in its entirety. Because Plaintiff has not pointed to any specific information he seeks to redact and instead made an overbroad request to seal, the motion is DENIED.

The motion for default judgment is also denied. As of the date it was filed — April 25, 2023 — Defendants had more than a month to answer or otherwise respond to the Complaint. In fact, Defendants timely moved to dismiss on June 1, 2023. Dkts. 33, 38. Because no Defendant defaulted, Plaintiff's motion for default judgment is DENIED.

IT IS FURTHER ORDERED that Plaintiff's motions for judgment on the pleadings at docket entries 63 and 67 are DENIED. As Plaintiff has failed to state a claim and the Court has granted the Defendants' motions to dismiss, Plaintiff is not entitled to judgment on the pleadings.

IT IS FURTHER ORDERED that the Clerk of Court is respectfully directed to terminate the open motions at Dkts. 26, 33, 38, 63, and 67 and to close the case.

**SO ORDERED.**

Date: March 15, 2024
New York, New York

**VALERIE CAPRONI**
**United States District Judge**