**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------X
PHILLIP LEIB-PODRY,

                                           Plaintiff,

            -against-                                      22 **CIVIL** 8614 (VEC)

                                                                     **JUDGMENT**

GEOFFREY TOBIAS; PRINCETON
INSURANCE COMPANY; MEDPRO GROUP;
BERKSHIRE HATHAWAY,

                                           Defendants.
-----------------------------------------------------------------------X

      It is hereby **ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Order dated March 15, 2024, the R&R is adopted in full, and Defendants' motions to dismiss at docket entries 33 and 38 are GRANTED. Plaintiff's claims are dismissed with prejudice; leave to amend would be futile because, as explained in the R&R, Plaintiff's claims are time-barred and factually frivolous. Because the R&R gave the parties adequate warning, see R&R at 23-24, Plaintiff's failure to object to the R&R precludes appellate review of this decision. See Mario v. P & C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."). Because appellate review is precluded, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, permission to proceed in forma pauperis for purposes of appeal is denied. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). IT IS FURTHER ORDERED that Plaintiffs motion to seal the case and for default judgment at docket entry 26 is DENIED. As to the motion to seal, Plaintiff's motion provides insufficient justification to seal the entire case. There is a

"presumption of access" to judicial documents that can be overcome only if outweighed by "countervailing factors." See Lugosch, 435 F.3d at 119-20. The party seeking to seal the case bears the burden to show that sealing is proper and must make "a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection." In re Parmalat Sec. Litig., 258 F.R.D. 236, 244 (S.D.N.Y. 2009). Here, Plaintiff asks to seal the entire case and all filings because it involves "[p]rivate medical information and intimate details." Dkt. 26 at 2. Although the need to protect sensitive medical information provides justification for tailored sealing and redactions, see, e.g., Valentini v. Grp. Health Inc., No. 20-CV-9526 (JPC), 2020 WL 7646892, at *2 (S.D.N.Y. Dec. 23, 2020) (granting request to seal specific medical documents), it does not justify sealing the case in its entirety. Because Plaintiff has not pointed to any specific information he seeks to redact and instead made an overbroad request to seal, the motion is DENIED. The motion for default judgment is also denied. As of the date it was filed - April 25, 2023 - Defendants had more than a month to answer or otherwise respond to the Complaint. In fact, Defendants timely moved to dismiss on June 1, 2023. Dkts. 33, 38. Because no Defendant defaulted, Plaintiff's motion for default judgment is DENIED. IT IS FURTHER ORDERED that Plaintiff's motions for judgment on the pleadings at docket entries 63 and 67 are DENIED. As Plaintiff has failed to state a claim and the Court has granted the Defendants' motions to dismiss, Plaintiff is not entitled to judgment on the pleadings. Accordingly, the case is closed.

**Dated:**  New York, New York

March 18, 2024

**RUBY J. KRAJICK**
**Clerk of Court**

**BY:**

_____
**Deputy Clerk**