```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/16/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PHILIP LEIB-PODRY,

                      Plaintiff,

-against-

GEOFFREY TOBIAS; PRINCETON
INSURANCE COMPANY; MEDPRO GROUP;
BERKSHIRE HATHAWAY,

                      Defendants.

22-CV-8614 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

    WHEREAS on February 13, 2024, Magistrate Judge Willis recommended granting Defendants' motions to dismiss because Plaintiff's claims were time-barred, failed to state a claim, and were factually frivolous, R&R, Dkt. 74;

    WHEREAS on March 15, 2024, the Court adopted Judge Willis's recommendation and granted Defendants' motions to dismiss, Order, Dkt. 77;

    WHEREAS on March 18, 2024, the Clerk of Court entered Judgment in Defendants' favor and closed the case, Judgment, Dkt. 78;

    WHEREAS on April 8, 2024, Plaintiff filed a motion pursuant to Federal Rule of Civil Procedure 59(e) to alter or amend the judgment, Mot., Dkt. 79;

    WHEREAS on April 11, 2024, Plaintiff filed a second motion pursuant to Rule 59(e) to alter or amend the judgment and attached a motion to amend the Complaint, Mot., Dkt. 80;

    WHEREAS a motion under Rule 59(e) may be granted "only if the movant satisfies the heavy burden of demonstrating an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice," *Yelle v. Mount St.*

*Mary Coll.*, No. 18-CV-10927 (PMH), 2021 WL 311213, at *2 (S.D.N.Y. Jan. 29, 2021) (citation omitted), *aff'd*, No. 21-480-CV, 2022 WL 1715979 (2d Cir. May 27, 2022);

WHEREAS the standard for granting a Rule 59(e) motion is "strict" and relief under such a motion "will generally be denied," *id.* (citation omitted);

WHEREAS Plaintiff's two Rule 59(e) motions are largely incomprehensible, *see, e.g.*, Mot., Dkt. 80 ¶ 17 ("Multiple procedures have been performed since the death of my mother that emphasize the size of my brain and the effects of its size on me."); *id.* ¶ 28 ("The curvature and contour of the natural nasal septum are reflective of those characteristics in the body, and loss of the natural shape of my septum has led to unacceptable and upsetting intrusions, namely forced and non-consensual touching of my body by others when they would otherwise have been inhibited or prohibited from such action before the procedure.");

WHEREAS, from Plaintiff's filings, the Court can decipher only one alleged error: Plaintiff argues that the statute of limitations for medical malpractice actions in New York is seven years, Mot., Dkt. 80 ¶ 9, although the report and recommendation adopted by the Court stated that the statute of limitations is two and a half years, R&R, Dkt. 74 at 14,

WHEREAS the Court did not err in applying a two-and-a-half-year statute of limitations to Plaintiff's medical malpractice claim;

WHEREAS in New York, "[a]n action for medical, dental or podiatric malpractice must be commenced within two years and six months of the act, omission or failure complained of," N.Y. C.P.L.R. § 214-a;

WHEREAS the statute of limitations is longer — two years and six months from the date the plaintiff reasonably should have known of the malpractice — for failure to diagnose cancer

or a malignant tumor, but even under that special circumstance, the action must be commenced no later than seven years from the alleged negligent act or omission, *id.* § 214-a(b)(i);

WHEREAS Plaintiff's reference to a seven-year statute of limitations misconstrues the subsection of the statute of limitations that applies only to claims of failure to diagnose cancer, an occurrence that does not apply to Plaintiff's claims;

WHEREAS after careful review, the Court finds no other error warranting reconsideration of its March 15, 2024, Order granting Defendants' motions to dismiss;

WHEREAS, although Plaintiff attached a motion for leave to amend the Complaint to his second motion to alter or amend the judgment, Mot., Dkt. 80 at 13, a "party seeking to file an amended complaint post[-]judgment must first have the judgment vacated or set aside," *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008);

WHEREAS to the extent the motion to amend seeks reconsideration of the denial of leave to amend as futile, the Court committed no error because Plaintiff's claims are time-barred and so factually frivolous that amendment could not cure the deficiencies;

WHEREAS on April 15, 2024, Plaintiff moved for an extension of time to file a notice of appeal, Mot., Dkt. 81; and

WHEREAS a motion for reconsideration, filed within 28 days from the Clerk's entry of judgment, resets the 30-day period to file a notice of appeal regarding the underlying order until after the Court decides the motion for reconsideration, *see* Federal Rule of Appellate Procedure 4(a)(4)(A)(v-vi); *see also Rouviere v. DePuy Orthopaedics, Inc.*, 560 F. Supp. 3d 774, 787 & n.4 (S.D.N.Y. 2021);

IT IS HEREBY ORDERED that Plaintiff's motions pursuant to Rule 59(e) to alter or amend the judgment at docket entries 79 and 80 are DENIED.

IT IS FURTHER ORDERED that Plaintiff's motion to amend the Complaint, attached to docket entry 80, is DENIED. The judgment has not been vacated, so leave to amend is not appropriate. Even if the motion were procedurally appropriate, it would be denied because amendment would be futile for the reasons previously stated.

IT IS FURTHER ORDERED that Plaintiff's motion for extension of time to file a notice of appeal is denied as moot because the 30-day time period to file a notice of appeal was recommenced when he moved for reconsideration. Plaintiff's deadline to file a notice of appeal has not passed. He will have 30 days from the date of this order to file a notice of appeal.

The Clerk of Court is respectfully directed to terminate the open motions at docket entries 79, 80, and 81, to mail a copy of this Order to Mr. Leib-Podry, and to note the mailing on the docket.

SO ORDERED.

Dated:   April 16, 2024
         New York, New York

_____
VALERIE CAPRONI
United States District Judge