UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

PHILLIP LEIB-PODRY,                                          :
                                                            :
                                          Plaintiff,        :
                       -against-                            :
                                                            :
GEOFFREY TOBIAS; PRINCETON                                  :
INSURANCE COMPANY; MEDPRO GROUP;                           :
BERKSHIRE HATHAWAY,                                         :
                                                            :
                                          Defendants.       :
                                                            :
-----------------------------------------------------------------X

```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #:_____            │
│ DATE FILED:___12/1/2025___       │
└─────────────────────────────────┘
```

22-CV-8614 (VEC) (JW)

ORDER

VALERIE CAPRONI, United States District Judge:

WHEREAS on October 7, 2022, Plaintiff Phillip Leib-Podry, proceeding *pro se*, sued Defendants Geoffrey Tobias, Princeton Insurance Company, MedPro Group, and Berkshire Hathaway for medical malpractice, battery, sexual assault, conspiracy, and unfair trade practices, *see* Compl., Dkt. 2;

WHEREAS on November 29, 2022, the Court referred this case to Magistrate Judge Jennifer Willis for general pretrial and the preparation of reports and recommendations on any dispositive motions, *see* Order, Dkt. 7;

WHEREAS on April 3 and 5, 2023, Defendants filed acknowledgements that they had been served by the United States Marshals Service, *see* Acknowledgements of Service, Dkts. 13, 17, 20, 21;

WHEREAS Defendants had 60 days from the date of acknowledging service to answer or move in response to the Complaint, *see* Standing Order Extending Time to Answer After United States Marshals Service Effects Service on a Defendant by Mail Under N.Y. C.P.L.R. § 312–a, 13-MC-0438 (S.D.N.Y. Dec. 30, 2013) ("Standing Order");

1

WHEREAS pursuant to the Standing Order, the deadline for Defendants Tobias and Princeton Insurance Company to answer or otherwise respond was Friday, June 2, 2023, and the deadline for Defendants MedPro Group and Berkshire Hathaway to answer or otherwise respond was Monday, June 5, 2023, *see* Acknowledgements of Service, Dkts. 13, 17, 20, 21;

WHEREAS on April 25, 2023, Plaintiff filed a motion (a) to seal the case in its entirety because some filings contained sensitive medical information, and (b) for default judgment against Defendants because they had not yet answered the Complaint, Dkt. 26;

WHEREAS Defendants opposed the motion to seal because Plaintiff failed to meet his burden to justify sealing and overcome the presumption of public access to judicial documents established in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), Dkts. 28, 31;

WHEREAS Defendants further opposed the motion for default judgment because the motion was procedurally defective and because the time for the Defendants to respond had not yet expired, Dkts. 28, 31;

WHEREAS on June 1, 2023, in advance of his deadline to respond to the Complaint, Defendant Tobias moved to dismiss the claims against him because, *inter alia*, they are time-barred and because Plaintiff failed to state a claim, Dkts. 33–35;

WHEREAS also on June 1, 2023, in advance of their deadlines to respond to the Complaint, Defendants Princeton Insurance Company, MedPro Group, and Berkshire Hathaway (together, the "Insurance Defendants") moved to dismiss the Complaint because, *inter alia*, Plaintiff failed to state a claim, Dkts. 38–40;

WHEREAS Mr. Leib-Podry opposed the motions to dismiss, Dkt. 49, and Mr. Tobias and the Insurance Defendants filed replies in support, Dkts. 56, 58;

WHEREAS on October 17, 2023, and December 4, 2023, while Defendants' motions to dismiss were pending, Plaintiff filed two motions for judgment on the pleadings, Dkts. 63, 67;

WHEREAS Judge Willis stayed all deadlines in the case pending the Court's resolution of the pending motions to dismiss, Dkt. 65, so Defendants did not respond to the motions for judgment on the pleadings;

WHEREAS on February 13, 2024, Judge Willis filed a Report & Recommendation ("R&R") recommending that the Complaint be dismissed with prejudice because all claims are either time-barred, fail to state a claim, or both, *see* R&R, Dkt. 74;

WHEREAS the R&R further recommends that the Court deny leave to amend because, "even liberally construed, [Plaintiff's] claims are time-barred and factually frivolous," *id.* at 23;

WHEREAS in the R&R, Judge Willis notified the parties that, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), they had fourteen days to object to the R&R's findings, *see id.* at 23–24;

WHEREAS Judge Willis further noted that failure to object would result in both the waiver of objections and the preclusion of appellate review, *id.*;

WHEREAS no party objected to the R&R;[1]

WHEREAS on March 15, 2024, the Court adopted the R&R in full, granting Defendants' motions to dismiss and dismissing Plaintiff's claims with prejudice, and denying Plaintiff's motion to seal, motion for default judgment, and motions for judgment on the pleadings, *see* Dkt. 77;

---

[1]      Plaintiff's current motion states that Plaintiff did, in fact, submit objections to the R&R, on March 14, 2024.  *See* Mot., Dkt. 85 ¶ 5.  There is, however, no evidence that objections were filed.  But even if objections were filed, for the reasons stated herein, relief pursuant to Rule 60(b)(6) is not warranted.

WHEREAS on March 18, 2024, the Clerk of Court entered judgment for Defendants, *see* Dkt. 78; and

WHEREAS on November 24, 2025, more than 20 months after judgment was entered in this case, Plaintiff filed a motion for relief from the Court's judgment pursuant to Federal Rule of Civil Procedure 60(b) ("Rule 60(b)"), *see* Mot., Dkt. 85, and a memorandum in support of his Rule 60(b) motion, *see* Pl. Mem., Dkt. 86;

IT IS HEREBY ORDERED that Plaintiff's Rule 60(b) motion for relief is DENIED.

Under Rule 60(b), a party may seek relief from a district court's final order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). Rule 60(b)(6) provides a catchall for "'any other reason that justifies relief'" and is only available "when Rules 60(b)(1) through (b)(5) are inapplicable." *Kemp v. United States*, 596 U.S. 528, 533 (2022). To succeed, a Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "extraordinary circumstances [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (internal quotation marks omitted).

Plaintiff moves pursuant to Rule 60(b)(6), arguing that "'extraordinary circumstances' are present" that justify relief from the judgment. *See* Mot. ¶ 8. But Plaintiff's Rule 60(b) motion comes nearly *two years* after judgment was entered in this case. As a threshold matter, the Court concludes that this is an unreasonable amount of time to wait before filing a Rule

4

60(b)(6) motion in this case. *See, e.g.*, *Truskoski v. ESPN, Inc.*, 60 F.3d 74, 77 (2d Cir. 1995) (holding that approximately seventeen months was not a reasonable time under Rule 60(b)(6)); *Rowe Entm't v. William Morris Agency Inc.*, No. 98-CV-8272 (RPP), 2012 WL 5464611, at \*2 (S.D.N.Y. Nov. 8, 2012) ("In this Circuit, a reasonable time is within eighteen months of the entry of judgment, unless the movant shows good cause for the delay or mitigating circumstances."); *see also, e.g.*, *SEC v. Penn*, No. 14-CV-581, 2021 WL 1226978, at \*5–9 (S.D.N.Y. Mar. 31, 2021) (denying as untimely a Rule 60(b)(6) motion filed more than two years after judgment was entered).

To be sure, a reasonable delay by a movant is permissible *if* supported by the facts of the case. *See, e.g., Grace v. Bank Leumi Tr. Co. of N.Y.*, 443 F.3d 180, 190–91 (2d Cir. 2006). Here, Plaintiff can point to no facts warranting such a delay. A primary reason that Plaintiff seeks relief is because the "Court's judgment rests on the premise that no objection was filed," but "Plaintiff had, in fact, filed an Objection to the R&R . . . [that] was not dispatched from Plaintiff's email until thirty minutes after midnight on March 13, 2024" "[b]ecause of technical issues." Mot. ¶¶ 4–5. Even assuming that the objections were transmitted, Plaintiff had to have been aware in March 2024 that they had not been docketed because the Court's opinion adopting the R&R noted that no objections had been received. Dkt. 77 at 3. There is no compelling reason why Plaintiff waited until now to lodge his concerns with the Court.

Furthermore, even if liberally construed, Plaintiff has not demonstrated that any "extraordinary circumstances" exist. *See, e.g.*, *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) ("The solicitude afforded to *pro se* litigants takes a variety of forms[] . . . [including] liberal construction of pleadings, motion papers, and appellate briefs . . . relaxation of the limitations on the amendment of pleadings, leniency in the enforcement of other procedural

rules, and deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him." (internal citations omitted)).  Plaintiff's claim that the judgment somehow has caused "repeated suicides, including numerous child suicides," Mot. ¶ 2, is nonsensical and unsupported by anything in the record, including the exhibit to Plaintiff's memorandum, which is completely unrelated to the case at bar.  Indeed, Plaintiff's assertions in the Rule 60(b) motion and accompanying memorandum are of the same ilk as his allegations in the Complaint – that is, "frivolous and irrational."  R&R at 2.

In short, Plaintiff's motion is untimely and otherwise not warranted because no "extraordinary circumstances" justify relief from the judgment in this case.  Plaintiff's Rule 60(b) motion is, therefore, DENIED.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is DENIED for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to terminate the open motion at Dkt. 85.

**SO ORDERED.**

Date:  **December 1, 2025**                                        **VALERIE CAPRONI**
            **New York, New York**                            **United States District Judge**

6